IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


UNITED STATES OF AMERICA,

                         Plaintiff,                        Case No. 3:06 CR 710

        -vs-

                                                  MEMORANDUM  OPINION

TYRONE HILL,

                         Defendant.

KATZ, J.

      This matter is before the Court pursuant to a remand from Sixth Circuit Court of Appeals. The Defendant, Tyrone Hill, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  As will be noted later herein, after several interim steps, the matter was before the Court of Appeals, which Court concluded that the Defendant's claim with respect to ineffective assistance of counsel failed.  However, the Court of Appeals concluded that Hill was entitled to an evidentiary hearing with respect to his allegation that counsel assured him of a 113 month sentence and remanded the matter for that hearing.

      A hearing with respect thereto was held on May 23, 2011.  At that hearing, former defense counsel John Thebes testified and the Defendant himself testified.  After considering the testimony taken at that hearing, and reviewing the record of this case before this Court commencing with the initial appearance of Defendant Hill, the Court finds there is no credible evidence that defense counsel Thebes made a representation or promised that Hill would receive at 113 month sentence. Thus, his motion pursuant to § 2255 is denied.


**STATEMENT OF FACTS**

The Court will incorporate and restate in full the Government's statement of facts taken

from its response to Defendant's post hearing memorandum:

Defendant's initial appearance was held on December 16, 2005, where the
government provided a rough estimate of the potential guideline range.  Since the
government was unaware of the Defendant's prior record, an estimated base
offense level of 23, a criminal history category of IV, and a guideline range of 70 to
87 months, plus an additional 84 months for the 924(c) charge was given.  R. 64,
Transcript of Initial Appearance at TR 14.  The government further stressed to the
Court that this guideline range was dependent upon the accurate criminal history
category calculation.  Id.  The Court then informed the Defendant that these
guidelines were only estimates and merely advisory to the Court, therefore, if
convicted, the Court was not bound by those guidelines.  Id.  The Court further
indicated to Defendant that because this was an armed robbery, the Defendant
would be subject to imprisonment of up to 25 years, a fine of up to $250,000, and a
supervised release term of up to five years.  Id. at TR 13-14.
This case was heard again on December 20, 2005, where the Defendant
knowingly, voluntarily, and intelligently of his own free will waived preliminary
examination.  At this time, the Court made certain that the Defendant was aware
that he was facing a significant period of incarceration, of up to 25 years, if
convicted.  R. 9, Transcript of Preliminary Examination at TR17.  The Court
inquired of Defendant whether he understood the serious nature of the penalties and
the Defendant affirmed he understood.  Id.
A grand jury indicted that Defendant on January 11, 2006 to armed bank
robbery and use of a firearm.  An arraignment was held before Magistrate
Armstrong on January 19, 2006.  The Court again addressed the maximum
penalties associated with a conviction.  On Count 1, the Defendant would be
subject to a term of imprisonment of up to 25 years and a fine of up to $250,000.
On Count 2, the Defendant would be subject to a seven year term of imprisonment,
which would be served consecutively to any term imposed in Court 1, and a fine of
up to $250,000.  The Defendant would also be subject to a supervised release term
of three to five years.  R. 67, Transcript of Arraignment at TR 6.  The Court then
proceeded to reiterate the estimated advisory guideline range of 125 to 135 months,
which the government expressly indicated was only an estimate because it was not
fully aware of Defendant's criminal history. Id. at TR 6-7.  In addition, the
government informed the Court that the guideline range could be somewhat higher,
in which the Court responded that the guidelines are merely advisory and not
binding upon the Court.  Id. at TR 7.  The sentence to be imposed, upon
conviction, will be calculated from a number of factors set forth in Title 18, United
States Code, Section 3353(a) and the guidelines.  Id.  The Court then proceeded to
assess the Defendant's understanding of the potential sentence and advise the
Defendant that at the present time an accurate guideline range could not be
determined, but Mr. Thebes and the government would make the determination as

2

the case develops.  Id.  The Defendant confirmed that he understood and entered pleas of not guilty.  Id. at TR 7-8.

On March 16, 2006, the Defendant withdrew his not guilty pleas and entered guilty pleas after the indictment was amended by interlineation deleting the word "brandish" from Count 2,which would thereby make it a five year mandatory term consecutive to the term imposed in Count 1.  R. 65, Transcript of Change of Plea, March 16, 2006 at TR 2.  After the Court made the determination of Defendant's competency to enter guilty pleas, the Court inquired whether the Defendant had adequate time to communicate with his attorney.  Id. at TR 6.  The Defendant affirmed that he did and was satisfied with the advice and efforts put forth by his attorney.  Id. at TR 7.  The Court then questioned whether the government calculated a range for sentencing and criminal history for Count 1.  The government explained that the range is wide because of an issue regarding the criminal history scale.  Id. at TR 12.  The government was currently advised of one prior violent offense, but was uncertain as to whether there were two, although Mr. Thebes did indicate on the record that "[there] might be two".  Id.  The government had yet to determine whether the Defendant was certified as an adult when he was convicted of another violent offense as a juvenile.  This additional violent offense could possibly classify Defendant asa Career Offender, which would push the guideline range to 151 to 188 months, as opposed to a51 to 63 month range if deemed not a Career Offender.  Id. at TR 12-13.   The Court then again explained to the Defendant that a guideline range cannot be determined with any degree of certainty, and although the guidelines are discretionary, the Court will not vary significantly unless reasonable to do so.  Id. at TR 13-14.  The Court inquired whether anyone forced or threatened the Defendant in any way to plead guilty and the Defendant responded "no" and that it was his decision to plead guilty based upon his discussions with his attorney, family, and friends. Id. at TR 14.

Defendant's sentencing took place on July 17, 2006.  The Court questioned the Defendant as to whether he had an opportunity to read the presentence report and discuss the matter with his attorney.  R. 30, Transcript of Sentencing Proceedings, July 17, 2006 at TR 3.  The Defendant responded that he had.  Id.  The Court then proceeded by asking if Mr. Thebes or the Defendant had any objections to the presentence report and the Defendant responded "no".  Id.  The Court reiterated to the Defendant the criminal history aspect of the presentence report.  Id. at TR 4.  "According to the guidelines . . . [Defendant] jumps from a Criminal History Category of IV to a mandatory career offender Criminal History Category VI. [The Court could not] find any legitimate reason to disagree . . . with the impact on . . . the enhancement under guideline 4B1.1from a level 20 to a level 34, less three levels for acceptance of responsibility, or a level for sentencing purpose[s] of 31 under the guidelines."  Id. at TR 5.  The Court then asked if there were any reasons to disagree with its conclusion and none were given.  Id.  Based upon this finding, the result was a "blended 262 composite range to 327 months with no eligibility for probation, a $15,000 to $150,000 fine on each count, and supervised release as to both counts of three to five years."  Id.  The Court asked

3

both the government and Mr. Thebes if there were any disagreements with these conclusions and both stated there were none. Id.  The final sentence included a total term of imprisonment of 262 months, with 202 months assessed on Count 1 and 60 months on Count 2, to be served consecutively. Id. at TR 11.

The Defendant filed a notice of appeal with the Sixth Circuit Court of Appeals on July 27, 2006.  The District Court judgment was affirmed on September 21, 2007, with the mandate being issued on October 10, 2007.  The Defendant then filed a motion to vacate sentence under Title 28, United States Code, Section 2255 on September 19, 2008.  This motion was denied by the District Court on December 8, 2008.  The Defendant filed another notice of appeal with the Sixth Circuit Court of Appeals on December 24, 2008.  This case is now before the Court as a result of a remand for further proceedings from the Sixth Circuit Court of Appeals.  The Court determined that Defendant was entitled to an evidentiary hearing with respect to his allegation that counsel assured him a 113 month sentence.  An evidentiary hearing was held on May 23, 2011, where the Court heard testimony of John Thebes, trial counsel, and Defendant.

(Doc. No. 77)

## DISCUSSION

At the hearing on May 23, 2011, the Defendant testified that Mr. Thebes, when reviewing the presentence investigation report ("PSI") told him to disregard the Sentencing Guideline range reflected therein of 262 - 327 months and indicated that the Defendant would get the 113 months he alleges he was assured by Mr. Thebes.

Mr. Thebes testified at the hearing that the Defendant expressed his desire to enter a plea of guilty at their first meeting, but that he believed it was prudent, and so advised Mr. Hill, to wait until after he (Thebes) had reviewed the evidence in the hands of the Government and consulted with him further.  Mr. Thebes further indicated that any discussion at that time with respect to the Guidelines was extremely tentative because of his lack of information and that he did not make any assurances to the Defendant regarding what his sentence would be.  He further indicated in his testimony that there are few such instances where an attorney can assure his client of a particular sentence, such as when there is a stipulated agreement with the Court and the Government.  There

4

is no allegation here that any such stipulated sentence was agreed upon by either the Government or this Court.

In the order emanating from the Sixth Circuit Court of Appeals, there was discussion about the plea hearing but no discussion about the sentencing hearing. Nor was there any discussion about the fact that Mr. Hill wrote a letter to the Court prior to the sentencing hearing and in that letter made no comment or assertions with respect to a 113 months sentence allegedly promised to him by Mr. Thebes.

At the sentencing hearing this Court asked the Defendant whether he had had an opportunity to review the PSI, a copy of which was again in front of him, and discuss the matter with his attorney, Mr. Thebes. The Defendant answered "Yes, I have." The Court then asked Mr. Thebes whether he or his client has any objections to the report, to which he, Mr. Thebes, replied they did not. That report indicated both the criminal history as a result of being classified as a career criminal, the offense level and the sentencing range. At no time did either Mr. Thebes or, more importantly, the Defendant Hill articulate orally or in writing anything suggesting that Mr. Thebes had promised Mr. Hill a sentence of 113 months. At that sentencing hearing the Court also indicated that it had received and read multiple times a three page letter from the Defendant, which he indicated was quite well written. Nowhere in that letter did Mr. Hill indicate anything about a promised sentence of 113 months or any promised sentence. After reviewing the content of the PSI and the criminal history of the Defendant this Court reviewed the Guidelines "as reflected on page 9, paragraph 37 of the report...." Placing that review on the record this Court indicated

> ... he jumps from a Criminal History Category IV to a mandatory career offender Criminal History Category VI.. And for the life of me, I cannot find any legitimate

5

reason to disagree with paragraphs 36 and 37 and the impact of those paragraphs on the enhancement under guideline 4B1.1 from a level 20 to a level 34, less three levels for acceptance of responsibility, or a level for sentencing purpose of 31 under the guidelines.

I would welcome any guidance which would disagree with my conclusion and the conclusions set for the in Mr. Butler's report.

Hearing none, I conclude that the defendant is a Criminal History VI, and a Guideline Level 31.

With respect to Count 1, that results in a blended 262 composite range to 327 months with no eligibility for probation, a $15,000 to $150,000 fine on each count, and supervised release as to both counts of three to five years, and a $200 special assessment, $100 for each of two counts in the indictment.

Any disagreement from the government on those conclusions?

MR. SECOR:  None, Your Honor.

THE COURT: Mr. Thebes?

MR. THEBES: No, Your Honor.

Transcript of Sentencing Hearing 4-5.

This Court then invited Mr. Thebes to address the Court on sentencing issues after which the Defendant did so.  At no time during these opportunities to address the Court did either Mr. Thebes or the Defendant indicate anything regarding a 113 month sentence having been promised to the Defendant by his attorney John Thebes.  After pronouncing sentencing this Court again asked both counsel for the Government and counsel for the Defendant if there were any objections to the form of the sentence.  Neither Government counsel nor Mr. Thebes had any such objection nor did the Defendant raise any objection.

As I have said previously during other portions of this Memorandum Opinion at no time did the Defendant take the opportunity during the plea hearing nor the sentencing hearing to indicate that his attorney had promised him a 113 month sentence.  After hearing testimony from both the Defendant and Mr. Thebes, this Court continues to believe that Mr. Hill's assertions lack any credibility and are contradicted by the record.  It should be added that defense counsel John Thebes has a long history of appearances before this Judge and the Judges of this Division of the

6

Northern District of Ohio.  At no time over the past almost 17 years has this Judge had any occasion to question the integrity of Mr. Thebes, nor have I heard of any other Judge having such an occasion to question his integrity. I find that his testimony at the May 23rd hearing is significantly more credible and believable than that of Mr. Hill.  It simply tests the bounds of credulity to believe that at every opportunity presented to Mr. Hill to raise the issue to this Judge concerning the supposedly promised 113 month sentence, including his three page excellently written letter, he never availed himself of any of those opportunities.

### **CONCLUSION**

The Government's brief fully discusses this matter with case citations and the Court will not belabor the matter further.  For the reasons stated herein above, the Defendant's motion pursuant to § 2255 is again denied.

IT IS SO ORDERED.

_s/ David A. Katz_____
DAVID A. KATZ
U. S. DISTRICT JUDGE

7