IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYRONE HILL,

    Defendant/Petitioner,    Case No. 3:06 CR 710

  -vs-

                   O  R  D  E  R

UNITED STATES OF AMERICA,

    Plaintiff/Respondent.

KATZ, J.

  Tyrone Hill has moved this Court under Federal Rule of Civil Procedure 60(d)(3) to reconsider its decision dismissing his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255.  Hill also requests that the undersigned recuse himself from entertaining the motion for reconsideration.  (Doc. No. 86).  The United States has filed a response and Hill has filed a reply.

  On March 16, 2006, Hill pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  On July 17, 2006, the Court sentenced Hill to a total term of 262 months of imprisonment.  The United States Court of Appeals for the Sixth Circuit affirmed Hill's sentence on appeal.  *United States v. Hill*, No. 06-4046 (6th Cir. Sept. 18, 2007) (unpublished).

  On September 19, 2008, Hill filed his § 2255 motion which the Court subsequently denied on December 8, 2008.  On December 22, 2008, Hill filed a motion for reconsideration and two days later filed a notice of appeal from this Court's decision denying the § 2255 motion.  On January 6, 2009, the Court denied the motion for reconsideration and declined to issue a certificate of appealability.

The Sixth Circuit granted Hill a certificate of appealability on the questions of whether trial counsel rendered ineffective assistance by advising Hill that he would receive a sentence of 113 months of imprisonment and by not advising Hill of a potential thirty year sentence. On November 1, 2010, the Sixth Circuit affirmed in part and vacated in part this Court's prior decision. The Sixth Court remanded the case for an evidentiary hearing regarding Hill's allegation that counsel assured him of a 113 month prison sentence. *Hill v. United States*, No. 09-3005 (6th Cir. Nov. 1, 2010).

Following an evidentiary hearing on May 23, 2011, the Court denied Hill's § 2255 motion on June 27, 2011. The Court granted Hill a certificate of appealability and the Sixth Circuit affirmed this Court's dismissal of the § 2255 motion on appeal. *Hill v. United States*, No. 11-3734 (6th Cir. July 13, 2012).

On August 26, 2013, Hill filed his instant motion for reconsideration of the Court's dismissal of his § 2255 motion. Hill has also requested that the undersigned recuse himself from ruling on the motion for reconsideration.

Upon review, the motion for recusal is denied. Hill asserts that the undersigned is bias. Under 28 U.S.C. § 144, a party must file a timely affidavit that the judge who is hearing the case has a personal bias or prejudice against the party. Once the affidavit is filed, the judge is to proceed no further and another judge is to be assigned to hear the case. However, the statute requires that "[a] party may file only one such affidavit in any case. It *shall* be *accompanied by a certificate of counsel of record stating that it is made in good faith*." 28 U.S.C. § 144 (emphasis added). Although Hill filed an affidavit with his recusal motion, he failed to include a certificate from counsel of record that Hill's recusal request was made in good faith. Because Hill has failed

to comply with the requirements of § 144, he is not entitled to recusal under this statute. Furthermore, the undersigned is not obligated to recuse himself pursuant to 28 U.S.C. § 455(a) because no reasonable person would be convinced that personal or extrajudicial bias exists under the circumstances of this case. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). Accordingly, the motion for recusal is denied.

Hill has requested reconsideration of this Court's dismissal of his § 2255 motion pursuant to Rule 60(d)(3). The rule provides that a district court may set aside a judgment "for fraud on the court." Fed. R. Civ. P. 60(d)(3). To establish fraud on the court, Hill is required to show conduct (1) by an officer of the court; (2) directed to the "judicial machinery" itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). Hill's motion fails to meet this standard. Therefore, Hill's Rule 60(d)(3) motion is also denied.

## CONCLUSION

Accordingly, Hill's recusal motion and Rule 60(d)(3) motion for reconsideration are denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE