**In the United States District Court,**
**Northern District of Ohio,**
**Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:06-CR-710-01 |
| Plaintiff, | Judge James G. Carr |
| v. | **Order** |
| Tyrone Hill, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 117). In this Motion, Defendant requests that I appoint an attorney. (*Id.* at pgID 558). In accordance with this Court's Order, the matter was referred to the Federal Public Defender's Office for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, counsel have the right to file a supplemental motion in support of a pro se defendant's request or, as in this case, to file a notice of intent not to supplement. *Id.* ¶V. After obtaining two extensions of time for which to make this determination (Doc. 119, Doc. 120), the office of the Federal Public Defender filed its Notice of Intent not to Supplement Defendant's Motion. (Doc. 121). The Government has filed its Response in Opposition (Doc. 122).

Amendment 821 authorizes resentencing of a previously sentenced defendant where: 1) at time of sentencing he received two "status points" in calculating the criminal history category; and 2) eliminating one of the status points would result in a lower category. Amendment 821 to U.S.S.G. (Nov. 1, 2023), amending § 4A1.1(e)."[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if  (i) none of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the

1

amendment does not have the effect of lowering the defendant's applicable guideline range. . . ." U.S.S.G. § 1B1.10, App. Note 1(A).

In this case, the Defendant's offense after acceptance was a 31. (PSR p. 5 ¶ 25 6/5/2006). Defendant had two prior felony convictions involving Robbery and Burglary. This rendered him a career offender raising his criminal history category from a IV to a VI. (*Id.* at p. 10 ¶ 37). The 821 Amendment does not lower his applicable Guideline Range, because a career offender's Criminal History Category is always a VI. See § 4B1.1(b). Therefore, Defendant is not eligible for a reduction in sentence.

Because application of Amendment 821 does not result in a reduced Criminal History score, the Defendant is not eligible for resentencing. Therefore, I deny Defendant's Motion.

It is, accordingly, hereby

ORDERED THAT:

1. The Defendant's Motion to Reduce Sentence (Doc. 117) be, and the same hereby, is denied; and

2. I conclude that an appeal from this Order would have no merit; thus, payment of the requisite filing fee is required before the Defendant can maintain an appeal.

So ordered.

/s/ James G. Carr
Sr.. U.S. District Judge